```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,    :
      Plaintiff
                          :

      vs.    :   CRIMINAL NO.  1:CR-93-117

                          :
LLOYD TUCKER,
      Defendant    :

*M E M O R A N D U M*

I.   *Introduction*.

      Defendant, Lloyd Tucker, was convicted of conspiracy to distribute crack cocaine.  Pursuant to Fed. R. Civ. P. 60(b)(5), he has filed a pro se motion to reopen the unsuccessful 28 U.S.C. § 2255 motion he filed in April 1997.  Defendant argues that our rejection of the second claim in the 2255 motion was mistaken because under the Fifth Amendment we did not have the authority to determine his drug quantity for the purpose of sentencing and that the jury should have made that determination.

      We will dismiss the Rule 60(b)(5) because it is in essence a second 2255 motion, and we cannot consider second or successive 2255 motions unless the Third Circuit first authorizes us to do so.

II.   *Background*.

In October 1993, Defendant was convicted by a jury of conspiracy to distribute crack cocaine, and we sentenced him to 262 months' imprisonment.  Defendant took a direct appeal, and in August 1994 the Third Circuit affirmed the conviction.  In April 1997, Defendant filed a 28 U.S.C. § 2255 motion.  The motion raised three grounds for relief: (1) the court improperly instructed the jury on the conspiracy charge so that they were led to believe that they could find the defendant guilty merely of a conspiracy to possess cocaine; (2) the defendant should not have been given an enhancement for being a career offender since the two prior state convictions used to justify the enhancement were constitutionally invalid; and (3) defendant's trial counsel was ineffective for not raising the first two grounds.  We denied the motion and in June 1998, the Third Circuit denied a certificate of appealability.  On November 7, 2005, Defendant filed the current motion.

III.   *Discussion*.

Parenthetically, Defendant's current claim has nothing to do with the second claim presented in his 2255 motion, but that is immaterial to the disposition of the pending motion, which turns on whether he can use Rule 60(b)(5) as a way of litigating his current claim.  Defendant cites *Gonzalez v. Crosby*, ___ U.S. ___, 125 S. Ct. 2641, 162 le2d 480 (2005), in support of doing so,

but that case is actually against him.  In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion seeking relief from denial of a 28 U.S.C. § 2254 petition that presents a claim attacking a state-court criminal conviction is essentially another petition under 28 U.S.C. § 2254, requiring the permission of the court of appeals for its filing.  This is so even if the petitioner couches the motion in the language of Rule 60(b), by arguing, for example, that a change in substantive law after the habeas proceedings justifies relief.  *Id.* at ___, 125 S.Ct. at 2647-48.

   This is essentially what Defendant is attempting here.  His Rule 60(b)(5) motion argues that his criminal conviction violated the Fifth Amendment because the jury did not make the drug-quantity determination.  Although Defendant does not cite the case, relying instead on *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), this is a claim under *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a case decided after Defendant was convicted, ruling that a federal court had to base its sentence on facts found by the jury and that the federal sentencing guidelines could only be used in an advisory role.  *Gonzalez* applies to 2255 motions as well as to 2254 petitions.  *See United States v. Scott*, 414 F.3d 815 (7th Cir. 2005)(applying *Gonzalez* to a 2255 motion); *United States v.*

*Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005)(nonprecedential) (explicitly stating that *Gonzalez* applies to 2255 proceedings).[1]

We will therefore deny the Rule 60(b)(5) motion. We will also deny a certificate of appealability, based on the above analysis. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his Rule 60(b) motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: November 18, 2005

---

[1] It us true that the petitioner prevailed in *Gonzalez* but only because his claim was not an attack on the merits of his conviction. His 2254 petition had been dismissed as time-barred, and he sought relief from that judgment on the basis of a subsequent Supreme Court decision favorable to him on the statute-of-limitations issue.

We also note that even though *Winship* predates Defendant's conviction, it does not assist him because it was understood at the time of his sentencing, even in the face of *Winship,* that the judge could decide the length of a sentence based on certain "sentencing factors." *Apprendi v. New Jersey*, 530 U.S. 466, 485-490, 120 S.Ct. 2348, 2360-63, 147 L.Ed. 2d 435,452-455 (2000).

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   :
    Plaintiff
                                   :

    vs.   :   CRIMINAL NO.  1:CR-93-117

                                   :
LLOYD TUCKER,
    Defendant   :

*O R D E R*

AND NOW, this 18th day of November, 2005, it is ordered that:

    1.  Defendant's motion (doc. 169) under Fed. R. Civ. P. 60(b)(5) is dismissed without prejudice.

    2.  A certificate of appealability is denied.

                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge