```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :
        Plaintiff                :
                                 :
                                 :
        v.                       :   CRIMINAL NO. 1:CR-93-117
                                 :
                                 :
LLOYD TUCKER,                    :
        Defendant                :
```

*M E M O R A N D U M*

Defendant, Lloyd Tucker, has filed a pro se motion for reconsideration of our order of November 18, 2005.[1] That order dismissed his motion under Fed. R. Civ. P. 60(b)(5) to reopen the unsuccessful 28 U.S.C. § 2255 motion he had filed in April 1997. *See United States v. Tucker*, 2005 WL 3095107 (M.D. Pa.). In October 1993, Defendant was convicted of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(a), and we sentenced him to 262 months' imprisonment. The subject of Defendant's Rule 60(b)(5) motion is our determination at sentencing that his crime involved more than five, but less than fifty, grams of crack

---

[1] Defendant cited Rule 60(b) as authority for his current motion, but we believe it is really a motion under Fed. R. Civ. P. 59(e). A Rule 59(e) motion is used to challenge final orders or judgments, and a Rule 60(b) order is a final judgment because it can be appealed. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). Defendant's motion is also timely under Rule 59(e).

cocaine, a drug-quantity finding that contributed to the length of the sentence.

In light of *Gonzalez v. Crosby*, ___ U.S. ___, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), we dismissed the Rule 60(b) motion because it was really a second or successive 2255 motion which we could not consider unless the Third Circuit authorized us to do so. The Rule 60(b) motion essentially presented the claim that Defendant's sentence violated the Fifth Amendment because we, rather than the jury, had determined the drug quantity that established the length of the sentence.[2] In dismissing the motion, we characterized Defendant's claim as one under *United States v. Booker,* 543 U.S. 229, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), although Defendant had not cited that case.

In moving for reconsideration, Defendant argues that we misconstrued his claim. It is not a *Booker* claim, he did not

---

[2] As Defendant stated the claim, there was a:

> defect in the collateral review process, as the previous judgment rests upon a defective foundation in that this Honorable Court lacked jurisdiction to impose a sentence of 262 months for the application of Career Offender Category VI, Level 32, pursuant to 21 U.S.C. § 841(b)(1)(B), when this court declared that the evidence did not support a conviction for § (b)(1)(A), and therefore should have sentenced petitioner pursuant to § (b)(1)(C), for indeterminate quantities of controlled substance . . . .

(Doc. 169, Def.'s Rule 60(b) Mot., p. 3).

2

intend to make a *Booker* claim, and we should not have construed it as one.  Rather, understood correctly, his claim raised "a defect in the collateral review process as this Honorable Court lacked jurisdiction to impose a penalty pursuant to 21 U.S.C. § 841(a) and 841(b)(1)(B) when the jury did not determine the drug quantity associated with that crime."  (Doc. 171, Def.'s Mot. for Recons., p. 2).  Defendant asserts that the jury's verdict would have allowed only a sentence commensurate with 21 U.S.C. § 841(b)(1)(C), the default sentencing provision for an unspecified quantity of cocaine base, (*id.*, p. 3), but that we "declared during the collateral review process" that while "the evidence did not sustain a conviction" for the drug quantities listed in section 841(b)(1)(A) [fifty grams or more of cocaine base], the evidence did meet a finding of a drug quantity of more than five but less than fifty grams of cocaine base [section 841(b)(1)(B)].  (*Id.*).  Continuing to view the issue as one of jurisdiction, Defendant maintains that since we had the independent obligation to satisfy ourselves "at the outset of the collateral review process" that we had jurisdiction to impose a sentence under section 841(b)(1)(B), he is entitled to have his 2255 proceedings reinstated to "open[ ] the way for further proceedings seeking ultimately to vacate and correct an unconstitutionally imposed sentence based upon a defect in the collateral review process."  (*Id.*).

Defendant's attempt to use Rule 60(b) must fail. First, he is mistaken in tying our determination of the drug quantity to the 2255 proceedings. That determination was not made in the collateral proceedings but at Defendant's sentencing. Second, the drug-quantity determination is not a jurisdictional issue. The cases Defendant cites in support of that argument, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31, 110 S.Ct. 596, 607-08, 107 L.Ed.2d 603, 621-22 (1990); and *Duquesne Light Co. v. Barasch*, 488 U.S. 299, 306, 109 S.Ct. 609, 614, 102 L.Ed.2d 646, 656 (1989), stand only for the proposition that a court has an independent obligation to assure itself that it has jurisdiction before adjudicating a case. But we did have jurisdiction, over Defendant's 2255 motion, and his original criminal proceedings as well. *See United States v. Cross*, 308 F.3d 308, 314 n.10 (3d Cir. 2002)(noting that 18 U.S.C. § 3231 confers jurisdiction on district courts to try federal criminal cases and that 28 U.S.C. § 2255 confers jurisdiction to entertain 2255 motions).

Further, this jurisdiction extends to sentencing issues although the Sixth and Fifth Amendments confer on a defendant the right to have the jury decide any issue that would enhance a sentence and to do so under a reasonable-doubt standard. *See Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005)(rejecting the defendant's claim that *Apprendi* and its progeny meant that the

4

district court lacked jurisdiction to sentence him).³  As support, *Harris* cited *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860, 867 (2002), in which the Supreme Court ruled that defects in an indictment do not deprive a district court of jurisdiction to adjudicate a criminal case and rejected the defendant's *Apprendi* claim that the failure of the indictment to allege drug quantity deprived the district court of the power to try the case against him.  *See also United States v. Davis*, 348 F. Supp. 2d 964, 967 (N.D. Ind. 2004) (rejecting claim that *Blakely* deprived the court of jurisdiction to impose that portion of the sentence based on drug quantity and gun possession, noting that "United States district judges always have subject-matter jurisdiction over indictments charging a violation of

---

³  *Booker* is the culmination of a line of cases starting with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000).  Under the Fifth and Sixth Amendments, *Apprendi* required that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.  *Id.* at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455.  *Blakely v. Washington,* ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004), applied *Apprendi* to any factual finding allowing a sentence increase, eliminating the statutory-maximum element.  *Booker* extended *Blakely* to the federal sentencing guidelines, allowing their use by the judge at sentencing only in an advisory capacity.  The other case in this line, *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), held that the jury, rather than the judge, had to make the fact-finding necessary to impose a death sentence.

federal criminal laws, including the power and jurisdiction to impose sentence")(citing *Cotton*, in part).

In conclusion, we adhere to our decision that Defendant's claim really goes to the validity of the judgment of sentence, not to any defect in the 2255 proceedings, and hence cannot be pursued unless the court of appeals grants him permission to do so.[4]

We will therefore deny the motion for reconsideration, treated as a motion to alter or amend under Rule 59(e).  Defendant is advised that: (1) he has sixty (60) days from the date of our order denying his motion for reconsideration to appeal; and (2) our denial of a certificate of appealability does not preclude an appeal as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 7, 2005

---

[4] Since we had subject-matter jurisdiction over the 2255 motion, Defendant's Rule 60(b) motion would have to be denied if construed as one under Rule 60(b)(4), allowing challenges to "void" judgments.  *See Page v. Schweiker*, 786 F.2d 150, 159-60 (3d Cir. 1986)(Rule 60(b)(4) covers challenges to judgments entered in the absence of subject-matter jurisdiction).  *See also Mangano v. United States*, 2005 WL 1606377 at *2 n.1 (E.D.N.Y.).

6

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
        Plaintiff              :
                               :
                               :
        v.                     :  CRIMINAL NO. 1:CR-93-117
                               :
                               :
LLOYD TUCKER,                  :
        Defendant              :
```

*O R D E R*

AND NOW, this 7th day of December, 2005, it is ordered that:

    1. Defendant's motion (doc. 171) for reconsideration, treated as a motion to alter or amend under Fed. R. Civ. P. 59(e), is denied.

    2. A certificate of appealability is denied.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge