```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
        Plaintiff               :
                                :
                                :
        v.                      :   CRIMINAL NO. 1:CR-93-117
                                :
                                :
LLOYD TUCKER,                   :
        Defendant               :
```

*M E M O R A N D U M*

I.  *Introduction*

Defendant, Lloyd Tucker, filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. Defendant has also filed a supplemental motion for a reduction, a motion to revise our sentencing finding on his drug quantity, and a letter-motion for appointment of counsel.[1] Defendant has also submitted a memorandum on his postsentencing rehabilitation while in prison.

---

[1] The Federal Public Defender was appointed to represent Defendant but has filed a motion to withdraw as counsel. Any obligation we might have had to provide counsel was satisfied by appointment of the public defender. In any event, we will deny the motion for appointment of another lawyer because, as shown below, Defendant's motion for a sentence reduction has no merit. *See Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991)(considering appointment of counsel in 28 U.S.C. § 2254 proceedings).

The government opposes the section 3582(c)(2) motion on the ground that Defendant is a career offender and the amendment thus has no effect on the calculation of his applicable guideline range. The probation office has submitted an addendum to the presentence report (PSR), also concluding that the amendment has no effect on his applicable guideline range.

We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable guideline range. Because we agree with the probation office's calculation that the amendment does not have that effect, we will deny the motion for reduction in sentence.

II.   *Background*

In October 1993, a jury found Defendant guilty of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and falsely representing that a certain social security number was his own, in violation of 42 U.S.C. § 408(a)(7)(B).

The PSR calculated Defendant's guideline range. We accepted the PSR's calculations except for the drug quantity. The PSR used a crack-cocaine quantity between 150 and 500 grams, giving Defendant a base offense level of 34. But at sentencing on February 16, 1994, the court determined that Defendant's drug

quantity was "well in excess of five grams," but that it could not be determined if the amount reached fifty grams. (doc. 91, sentencing transcript at p. 20). That gave Defendant a base offense level of 26 and in the normal case a total offense level of 31, when other offense level calculations were added in.

However, Defendant had two prior drug-trafficking convictions, thus making him a career offender for the purposes of U.S.S.G. § 4B1.1. Because the statutory maximum sentence for a crack-cocaine offense involving Defendant's drug quantity was forty years, under section 4B1.1(b)(B) Defendant's total offense level became 34. With a criminal history category of VI, also based on Defendant's career-offender status, Defendant's guideline range was 262 to 327 months. Defendant was sentenced to 262 months' imprisonment on count I and 60 months' imprisonment on count V, to run concurrently.

III.  *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and

"must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the
> corresponding guideline provisions that were
> applied when the defendant was sentenced and

4

>    shall leave all other guideline application
>    decisions unaffected.

*Id.*, § 1B1.10(b)(1).

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

In doing so, Defendant's guideline range remains unaffected by the amendment. It is true that under the amendment his base offense level is 24 instead of 26, in line with the general two-point reduction in the base offense level made by Amendment 706. However, the career-offender guideline still operates to raise his total offense level to 34 and to give him a criminal history category of VI. Hence, Defendant's guideline range remains at 262 to 327 months, and we can grant him no relief.

In his section 3582(c)(2) motion, Defendant argues that his applicable guideline range is lowered. Given the general two-level reduction in the offense level made by Amendment 706, Defendant asserts it is simply a matter of

subtracting two levels from the total offense level of 34 established by his career-offender status. Combined with a criminal history category of VI, this results in a guideline range of 210 to 262 months. However, as shown above, this approach is incorrect. The amended base offense level has to be made part of the sentencing calculation, not tacked on at the end.

In his motion to revise our sentencing finding on his drug quantity, Defendant makes another argument that his applicable guideline range has been lowered, even when the career-offender guideline is applied to his case. The argument is not entirely clear, but it seems to be as follows. For a base offense level of 24, Amendment 706 sets the disparity in sentencing between crack and powder cocaine as 80:1. Applying this ratio to a drug quantity of five grams, Defendant asserts that his drug quantity under the amendment is now three to four grams.[2] Under U.S.S.G. § 2D1.1, this would give him a base offense level of 22. Under 21 U.S.C. § 841(b)(1)(C), the maximum

---

[2] Defendant's argument ignores the fact that we had found his drug quantity to be in excess of five grams, not just five grams, but we need not address this issue to dispose of the argument. Additionally, we are not sure how he decided his revised drug quantity would be three to four grams, not just simply four grams, but that also is not significant.

6

sentence for a drug quantity below five grams is twenty years.[3] Under the career-offender guideline, section 4B1.1(b)(D), this would raise Defendant's total offense level to 28.[4] Defendant does not state what amended guideline range follows from this analysis, but he does apparently think it justifies a reduction in his sentence to 210 months, which is consistent with the low end of the sentencing range under his first argument.

This approach to calculating the amended guideline range is also incorrect. As noted above, the correct way is to simply plug the new section 2D1.1 base offense level resulting from the amendment into the sentencing calculation, while leaving all the other calculations the same. This does not involve first reducing Defendant's drug amount by the changes in the ratio between crack cocaine and powder cocaine accomplished by the amendment. Indeed, following Defendant's method would probably give him the benefit of the amendment twice, first by reducing the drug amount and then by applying the amendment to that reduced amount.

---

[3] Defendant's argument assumes that neither one of his two previous drug-trafficking convictions would be used against him. Under section 841(b)(1)(C), either conviction would raise the statutory maximum sentence to thirty years. The government did file a notice of intent to use those convictions.

[4] There is no total offense level of 28 in section 4B1.1. The total offense level from section 4B1.1 would actually be 29.

7

Defendant does not just seek the benefit of Amendment 706. Citing *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), he also believes that his section 3582(c)(2) motion allows him to invoke *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as an independent basis for reducing his sentence by treating the guidelines as advisory.

In *Hicks*, the Ninth Circuit held that when a defendant is entitled to the benefit of a retroactive amendment, *Booker* opens the door to a complete resentencing. Even if *Hicks* controlled here, however, it does not help Defendant because he is not entitled to the benefit of Amendment 706. Additionally, Third Circuit law is to the contrary. In *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002), the Third Circuit decided that a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. In that case, the defendant wanted to use *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in his section 3582(c)(2) resentencing, but the Third Circuit rejected it. The Third Circuit has also rejected an attempt to use section 3582(c)(2) to make a claim directly under *Booker* without tying it to a retroactive amendment. *See United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam) (nonprecedential). In any event, we

respectfully disagree with *Hicks* for the reasons expressed in *United States v. Cruz*, No. 02-CR-0725, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008). We note that in *Cruz* the court quoted *United States v. Wise*, 515 F.3d 207 (3d Cir. 2008), for the proposition that *Booker* is not relevant to the scope of resentencing under section 3582(c)(2) because *Booker* says nothing about "'the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines.'" *Cruz*, 2008 WL at *4 (quoting *Wise*, 515 F.3d at 221 n.11).

Defendant also relies on *Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to support a sentence reduction based on our own discretionary assessment of the factors set forth in 18 U.S.C. § 3553(a). We must reject his attempt to do so for the same reason we rejected his attempt to use *Booker*.[5]

---

[5] Defendant's reliance on *United States v. Marshall*, 259 Fed. Appx. 859 (7th Cir. 2008) (nonprecedential); *United States v. Regalado*, 518 F.3d 114 (2nd Cir. 2008); *United States v. Pruitt*, 502 F.3d 1154, 1168 (10th Cir. 2007)(McConnell, J. concurring), *cert. granted and judgment vacated*, 128 S.Ct. 1859, 76 USLW 3554 (U.S. April 14, 2008)(No. 07-7937)(remanded for consideration in light of *Gall*, *supra*); and *United States v. Williams*, 435 F.2d 1350 (11th Cir. 2006), is misplaced as these cases were decided on direct appeal, not on a section 3582(c)(2) motion.

9

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 8, 2008

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
         Plaintiff             :
                               :
                               :
         v.                    :   CRIMINAL NO. 1:CR-93-117
                               :
                               :
LLOYD TUCKER,                  :
         Defendant             :
```

*O R D E R*

AND NOW, this 8th day of July, 2008, it is ORDERED that:

   1. Defendant's motion (doc. 192) under 18 U.S.C. § 3582(c)(2), his supplemental motion (doc. 194) for a sentence reduction, his motion (doc. 197) to revise our sentencing finding on his drug quantity, and his letter-motion (doc. 196) for appointment of counsel are denied.

   2. The motion (doc. 198) of the Public Defender to withdraw as counsel is granted.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge